Exhibit A

(Page 1 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW Document 1-1 Filed 11/17/16 Page 2 of 26 Page ID #:5

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 18 2016

Sherri R. Carter, Executive Officer/Clerk

By: Judi Lara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITIBANK, N.A.; HUNT & HENRIQUES; JANALIE HENRIQUES;
KURTISS JACOBS; CIR LAW OFFICES, L.L.P.; CIR
INTERNATIONAL; TARA MUREN; JOHN CLINNIN; and
*See attached*

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOYCE CRUZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>BC 637422 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard Scott Lysle                  Richard Scott Lysle
475 Washington Blvd., Suite 200      (310) 822-6023
Marina del Rey, CA 90292

DATE:    OCT 18 2016    SHERRI R. CARTER    Clerk, by _____ Judi Lara, Deputy
*(Fecha)*                               *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Joyce Cruz

(Page 2 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-PA-MRW   Document 1-1   Filed 11/17/16   Page 3 of 26   Page ID #:6

SUM-200(A)

| SHORT TITLE: Cruz v Citibank | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

DOES 1 to 100, inclusive.

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
ESSENTIAL FORMS™

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons          Joyce Cruz

(Page 3 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-PA-MRW Document 1-1 Filed 11/17/16 Page 4 of 26 Page ID #:7

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____    BC **6 87 422**

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Howard L. Halm | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73. | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. David Sotelo | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Steven J. Kleifield | 324 | CCW |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Debre K. Weintraub | 47 | 507 | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record **OCT 1 8 2016** SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

### – NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

Case 2:16-cv-08560-PA-MRW Document 1-1 Filed 11/17/16 Page 5 of 26 Page ID #:8

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Case 2:16-cv-08560-PA-MRW   Document 1-1   Filed 11/17/16   Page 6 of 26   Page ID #:9

RICHARD SCOTT LYSLE   SBN 54022
LAW OFFICES OF RICHARD SCOTT LYSLE
475 Washington Blvd.
Marina del Rey, CA 90292

Attorney for plaintiff
JOYCE CRUZ

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 18 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE

JOYCE CRUZ,

    Plaintiff,

v

CITIBANK, N.A.; HUNT & HENRIQUES;
JANALIE HENRIQUES; KURTISS
JACOBS; CIR LAW OFFICES, L.L.P.; CIR
LAW OFFICES INTERNATIONAL;
TARA MUREN; JOHN CLINNIN; and
DOES 1 to 100, inclusive,

    Defendants.

Case No.   BC 6 3 7 4 2 2

COMPLAINT FOR DAMAGES FOR:

1. DECLARATORY RELIEF;
2. DAMAGES FOR BREACH OF CONTRACT;
3. DAMAGES FOR INTENTIONAL MISREPRESENTATION;
4. DAMAGES AND PENALTIES FOR VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION ACT

DEMAND FOR JURY TRIAL

Comes now plaintiff JOYCE CRUZ, who hereby complains and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction and venue are proper in this judicial district. Plaintiff is a consumer whose billing address is within the judicial district of the above-entitled court. The actions of defendants, described herein, caused damage to plaintiff within this judicial district.

## PARTIES

2.    At all times herein mentioned plaintiff JOYCE CRUZ was and is a competent adult individual and a consumer

3.    Plaintiff is informed and believes and thereon alleges that at the times mentioned

---

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**    1

(Page 6 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW Document 1-1 Filed 11/17/16 Page 7 of 26 Page ID #:10

1  herein, defendant CITIBANK, N.A., successor to CITIBANK (SOUTH DAKOTA), N.A., was
2  and is a business organization doing business within the State of California.

3      4.    Plaintiff is informed and believes and thereon alleges that HUNT &
4  HENRIQUES is a partnership and a law firm, domiciled in and doing business in the State of
5  California, and, at all times mentioned herein, was acting on behalf of defendant CITIBANK,
6  N.A. in connection with the acts, omissions and conduct alleged herein.

7      5.    Plaintiff is informed and believes and thereon alleges that CIR LAW OFFICES,
8  LLP and CIR LAW OFFICES INTERNATIONAL are associated entities, both of which are
9  doing business in California and, at all times mentioned herein, were acting on behalf of
10  defendant CITIBANK, N.A., in connection with the acts, omissions and conduct alleged herein.

11      6.    Plaintiff is informed and believes that defendant JANALIE HENRIQUES,
12  KURTISS JACOBS, TARA MUREN and JOHN CLINNIN were and are attorneys, practicing
13  law in the State of California, who represented defendant CITIBANK, N.A. in connection with
14  the acts, omissions and conduct alleged herein. Plaintiff is informed and believes and thereon
15  alleges that each of said defendants resides in the State of California.

16      7.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein
17  as DOES 1 through 100, inclusive. Plaintiff will seek to amend this complaint to allege their
18  true names and capacities after they have been ascertained.

19  **AGENCY AND CIVIL CONSPIRACY**
20  Allegations applicable to all causes of action

21      8.    Plaintiff is informed and believes and thereon alleges that at all times herein
22  mentioned, defendants, and each of them, was acting as the agent and/or employee of each of
23  the remaining defendants, within the course and scope of his/her/its employment and agency,
24  and with the knowledge, permission and consent of each of the other defendants. Plaintiff is
25  further informed and believes, and thereon alleges that the acts and conduct alleged herein of
26  defendants, and each of them, was known to, authorized by, and ratified by, each of the other
27  defendants herein, and said acts and omissions were done with the knowledge or under the
28  direction of superior officials having the power to bind said defendants, and each of them.

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**    2

(Page 7 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW   Document 1-1   Filed 11/17/16   Page 8 of 26   Page ID #:11

9.     Plaintiff is informed and believes, and thereon alleges, that defendants, and each of them, knowingly formed, engaged in, and participated in a common plan and scheme to wrongfully extract money from plaintiff herein.  Overt acts committed by defendants in furtherance of their common plan and scheme include, without limitation, pretending that CITIBANK, N.A., had entered into binding and final settlement agreements, obtaining money from said consumers, subsequently disavowing such settlement agreements, and then attempting to extract additional money from consumers by threatening further litigation.

10.     Plaintiff is informed and believes, and thereon alleges, that with respect to the acts, practices and conduct of the defendants which are described in this complaint, each of the defendants knew of or approved those acts, practices and conduct, and/or benefitted from those acts, practices and conduct.

11.     Defendants, and each of them, ratified the acts and conduct of each of the other defendants by continuing to demand money from plaintiff herein after plaintiff herein had fully performed her obligations under the settlement agreement described herein.

12.     Plaintiff is informed and believes and thereon alleges that defendant CITIBANK further ratified the acts of defendants HUNT & HENRIQUES, JANALIE HENRIQUES, KURTISS JACOBS and DOES 40 through 60, and each of them, by continuing to employ said defendants in connection with the collection of consumer accounts with knowledge of the practices of defendants HUNT & HENRIQUES, JANALIE HENRIQUES, KURTISS JACOBS.

13.     As a result of said civil conspiracy, plaintiff was damaged as hereinafter alleged.  In addition to compensatory damages, as herein alleged, plaintiff is entitled to recover statutory penalties against defendants, and each of them, as provided in California Civil Code section 1788.30 and pursuant to other applicable statutes and regulations, and treble damages pursuant to 18 U.S.C. 1964.

14.     The allegations of this Complaint which are stated upon information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

---

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**          3

(Page 8 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW Document 1-1 Filed 11/17/16 Page 9 of 26 Page ID #:12

## FIRST CAUSE OF ACTION FOR

## DECLARATORY RELIEF

### Against all defendants

15.     Plaintiff refers to each of the foregoing paragraphs, and plaintiff incorporates and re-alleges all previously facts and matters as if set forth in full herein.

16.     A dispute arose between plaintiff herein and defendant CITIBANK arising from a consumer credit account. In connection with said dispute a lawsuit was filed in the Los Angeles Superior Court, Case No. 12K 11039.

17.     On about April 11, 2013, plaintiff and defendant agreed to and entered into a full and final settlement of their dispute in Case No. 12K 11039. The terms of said settlement were memorialized in a written settlement agreement, prepared entirely by defendant CITIBANK and its attorneys, a true copy of which is attached hereto, marked Exhibit 1.

18.     Exhibit 2, attached hereto, is a Notice of Settlement which defendant CITIBANK, N.A., by its attorneys CIR LAW OFFICES, LLP, CIR LAW OFFICES INTERNATIONAL, JOHN CLINNIN, TARA MUREN and DOES 10 to 20, filed with the court in Case No. 12K 11039 on about May 1, 2013. By said document, said defendants represented to plaintiff and to the court that plaintiff and defendant CITIBANK had agreement to a complete and binding settlement of the heretofore mentioned dispute.

19.     Pursuant to said agreement, plaintiff timely tendered to defendant CITIBANK, N.A., at the address specified in Exhibit 1, each payment specified in said agreement. Each check which plaintiff delivered to defendant CITIBANK was valid and payable at the time of its delivery.

20.     An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that defendants now contend that said settlement agreement was not and is not valid and binding. Exhibit 4, and Exhibit 5, attached hereto, are copies of demands from defendants that plaintiff pay additional money to defendants. Defendants have threatened, and continue to threaten, to file a new lawsuit, seeking payment of an additional $8,864.34.

21.     Subsequent to receiving the payments specified in the heretofore described

---

(Page 9 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-PA-MRW   Document 1-1   Filed 11/17/16   Page 10 of 26   Page ID #:13

1  settlement agreement, defendants, and each of them, asserted that defendant CITIBANK, N.A.,

2  did not actually enter into a valid and enforceable agreement.  On December 1, 2015, on

3  January 27, 2016, on August 16, 2016, on September 21, 2016, and at other times, defendant

4  CITIBANK, by and through its attorneys HUNT & HENRIQUES, JANALIE HENRIQUES,

5  KURTISS JACOBS and DOES 50 through 60, claimed that Exhibit 1 did not memorialize a

6  valid and legally binding settlement agreement because CITIBANK did not sign Exhibit 1.

7  Said defendants stated, in writing:

8        "[U]nder *Levy v Superior Court* (1995) 10 Cal.4th 578, 586, a stipulation not signed by

9        *all* parties is not enforceable by *any* party.  And *Gauss v GAF Corp.* (2002) 103

10       Cal.App.4th 1110 noted at p. 1119 that cases following Levy have recognized *no*

11       *exceptions* to that rule." [Emphasis in original.]

12  Exhibit 3, attached, is a copy of one such written communication.

13      22.    Plaintiff alleges that this contention made by defendants is false.  The holding of

14  Levy v Superior Court applies only when a motion brought pursuant to Code of Civil Procedure

15  section 664.6.  Section 664.6 is a special procedure.  Section 664.6 does not limit proof of a

16  binding settlement in other proceedings.

17      23.    Plaintiff herein contends that Exhibit 1 memorializes a valid and enforceable

18  contract.

19      24.    Plaintiff desires a judicial determination of the respective rights and obligations

20  of the parties, and a declaration as to whether the subject agreement is valid and enforceable.

21      25.    A judicial declaration is necessary and appropriate at this time under the

22  circumstances in order that plaintiff may ascertain her rights under the subject agreement..

23  Such a declaration would inform the parties of their respective legal rights and obligations, and

24  such a declaration might facilitate a resolution of their dispute, thereby saving all parties the

25  expense of further litigation.

26

27

28

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**    5

(Page 10 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW Document 1-1 Filed 11/17/16 Page 11 of 26 Page ID #:14

1 ## SECOND CAUSE OF ACTION FOR

2 ## DECLARATORY RELIEF

3 ### Against all defendants

4   26. Plaintiff refers to each of the foregoing paragraphs, and plaintiff incorporates and

5 re-alleges all previously facts and matters as if set forth in full herein.

6   27. Plaintiff contends that by causing the payments to be timely delivered to

7 CITIBANK, as specified in <u>Exhibit 1</u>, she fully performed her obligations under the subject

8 contract.

9   28. Each and every check tendered by plaintiff to defendants was valid and payable

10 when issued. Each payment was tendered by a bank check issued by a banking institution.

11 Plaintiff did not tender checks drawn directly against her personal bank account. Plaintiff never

12 instructed any bank to stop payment on any check tendered to defendant CITIBANK.

13   29. Defendant CITIBANK, N.A., by and through its agents, HUNT & HENRIQUES,

14 JANALIE HENRIQUES, and CURTIS JACOBS, have claimed that CITIBANK was unable

15 to cash several checks tendered by plaintiff.

16   30. Plaintiff asked defendants to provide some documentation showing any problem

17 that CITIBANK had in negotiating any of the subject checks, but defendants failed and refused

18 to provide any such documentation.

19   31. Plaintiff has requested the return of any checks which defendants failed to cash

20 or which were not honored so that she could investigate the problem and, if appropriate, replace

21 such checks. However defendant CITIBANK, N.A., acting through its agents, HUNT &

22 HENRIQUES, JANALIE HENRIQUES and KURTISS JACOBS, refused to do so.

23   32. Plaintiff herein contends that she timely and fully performed the obligations to

24 be performed by her under the alleged settlement agreement, attached hereto as <u>Exhibit 1</u>.

25   33. Plaintiff desires a judicial determination of the respective rights and obligations

26 of the parties.

27   34. A judicial declaration is necessary and appropriate at this time under the

28 circumstances in order that plaintiff may ascertain her contractual rights and obligations. Such

(Page 11 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW   Document 1-1   Filed 11/17/16   Page 12 of 26   Page ID #:15

1    a declaration would inform the parties of their respective legal rights and obligations, and such

2    a declaration might facilitate a resolution of their dispute, thereby saving all parties the expense

3    of further litigation.

4

5    **THIRD CAUSE OF ACTION FOR DAMAGES FOR BREACH OF CONTRACT**

6                 Against defendants CITIBANK, N.A. and DOES 1 to 10

7        35.     Plaintiff refers to each of the foregoing paragraphs, and plaintiff incorporates and

8    re-alleges all previously facts and matters as if set forth in full herein.

9        36.     The heretofore alleged settlement agreement, evidenced by <u>Exhibit 1</u>, is a valid

10    and binding contract.

11        37.     For valuable consideration, which was accepted by defendant CITIBANK, N.A.,

12    said defendant entered into said contract and is bound by the terms and obligations thereof.

13        38.     Defendants CITIBANK, N.A. and DOES 1 to 10, and each of them, breached

14    said contract by reputing same and by failing to dismiss Case No. 12K 11039 <u>with prejudice.</u>

15        39.     Instead of dismissing said lawsuit with prejudice, said defendants, by and through

16    their attorneys CIR LAW OFFICES, LLP, JOHN CLINNIN, TARA MUREN filed a Request

17    for Dismissal <u>without prejudice.</u>

18        40.     As a direct result of said breaches by said defendants, plaintiff paid defendants

19    the amount of $7,750.00, to her damage in the amount of $7,750.00, plus interest at the

20    maximum legal rate from the date of each payment and continuing until entry of judgment

21    herein.

22        41.     As a further result of said breaches by part of defendants, and as a result of

23    defendants' threats of further litigation, plaintiff reasonably incurred attorney's fees, to her

24    damage in an amount to be shown according to proof.

25        42.     As a further result of said breaches by said defendants, plaintiff sustained damage

26    to her credit rating, loss of credit, loss of the ability to purchase and to benefit from credit,, in

27    amounts which will be shown according to proof.

28

(Page 12 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW Document 1-1 Filed 11/17/16 Page 13 of 26 Page ID #:16

## FOURTH CAUSE OF ACTION FOR DAMAGES

## FOR INTENTIONAL MISREPRESENTATION

### Against all defendants

43. Plaintiff refers to each of the foregoing paragraphs, and plaintiff incorporates and re-alleges all previously facts and matters as if set forth in full herein.

44. On about April 11, 2013, defendant CITIBANK, N.A., by and through its agents CIR LAW OFFICES, CIR LAW OFFICES INTERNATIONAL, TARA MUREN, and JOHN CLINNIN, represented to plaintiff that by accepting the terms set forth in Exhibit 1, and by executing Exhibit 1, plaintiff and defendant were entering into a binding settlement agreement of all disputes arising from and/or relating to Account No. xxxx 9174. Defendants, and each of them, further represented to plaintiff that if she made the specified and agreed payments, defendants would not engage in further litigation and that CITIBANK would dismiss Case No. 12K 11039 with prejudice.

45. In reasonable reliance upon said representations, plaintiff timely tendered to defendant CITIBANK, N.A., each of the payments specified in the heretofore mentioned agreement, and she otherwise performed all obligations to be performed by her pursuant to said agreement..

46. Plaintiff is informed and believes, and thereon alleges that at the time when defendants, and each of them, made said representations, and continuing during the time when said defendants accepted the heretofore mentioned payments from plaintiff, and continuing to the present time, said defendants did not intend, and presently do not intend, to honor their obligations under the heretofore mentioned agreement and that this conduct on the part of defendants was part of a pattern and practice on the part of defendants.

47. As a direct result of said misrepresentations and conduct on the part of defendants, and each of them, plaintiff paid defendants the amount of $7,750.00, to her damage in the amount of $7,750.00, plus interest at the maximum legal rate from the date of each payment and continuing until entry of judgment herein.

48. As a further result of said misrepresentations and conduct on the part of

(Page 13 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-PA-MRW Document 1-1 Filed 11/17/16 Page 14 of 26 Page ID #:17

1  defendants, and each of them, and as a result of defendants' threats of further litigation,

2  plaintiff suffered extreme aggravation, anxiety and emotional distress, to her damage in an

3  amount to be shown according to proof.

4       49.   As a further result of said conduct on the part of defendants, and each of them,

5  plaintiff sustained damage to her credit rating, loss of credit, loss of the ability to purchase and

6  to benefit from credit,, in amounts which will be shown according to proof;

7       50.   Plaintiff is informed and believes and thereon alleges that the heretofore alleged

8  conduct of defendants, and each of them, was malicious, fraudulent, willful, deliberate and

9  oppressive, and plaintiff further alleges that said conduct was done with the conscious disregard

10  for the rights of plaintiff. Plaintiff is, therefore, entitled to recover punitive and exemplary

11  damages against defendants CITIBANK, N.A., HUNT & HENRIQUES, JANALIE

12  HENRIQUES, KURTISS JACOBS, CIR LAW OFFICES, LLP, CIR LAW OFFICES

13  INTERNATIONAL, TARA MUREN, JOHN CLINNIN and DOES 1 to 100, and each of them,

14  in such amount as is appropriate to punish and to make an example of said defendants and to

15  deter such conduct, or similar conduct, by said defendants in the future.

16

17  ### FIFTH CAUSE OF ACTION FOR DAMAGES FOR

18  ### INTENTIONAL MISREPRESENTATION

19  Against all defendants

20       51.   Plaintiff refers to each of the foregoing paragraphs, and plaintiff incorporates and

21  re-alleges all previously facts and matters as if set forth in full herein.

22       52.   By filing the "Notice of Settlement" in Case No. 12K 11039, Exhibit 2, attached

23  hereto, defendant CITIBANK, N.A., by and through its agents CIR LAW OFFICES, CIR LAW

24  OFFICES INTERNATIONAL, TARA MUREN and JOHN CLINNIN, represented to plaintiff

25  that it had entered into a valid and binding settlement agreement of Case No. 12K 11039 and

26  that by timely making the payments specified and performing was Exhibit 1 it accepted by

27  accepting the terms set forth in Exhibit 1, and by executing Exhibit 1, plaintiff and defendant

28  were entering into a binding settlement agreement of all disputes arising from and/or relating

---

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**   9

(Page 14 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW Document 1-1 Filed 11/17/16 Page 15 of 26 Page ID #:18

1    to Account No. xxxx 9174.

2        53.    In reasonable reliance upon said representations, plaintiff timely tendered to

3    defendant CITIBANK, N.A., each of the payments specified in the heretofore mentioned

4    agreement, and she performed all obligations to be performed by her pursuant to said settlement

5    agreement.

6        54.    Plaintiff is informed and believes, and thereon alleges that at the time when

7    defendants, and each of them, made said representations, and continuing during the time when

8    said defendants accepted the heretofore mentioned payments from plaintiff, and continuing to

9    the present time, said defendants did not intend, and presently do not intend, to honor their

10   obligations under the heretofore mentioned agreement.

11       .55.    As a direct result of said misrepresentations and conduct on the part of

12   defendants, and each of them, plaintiff paid defendants the amount of $7,750.00, to her damage

13   in the amount of $7,750.00, plus interest at the maximum legal rate from the date of each

14   payment and continuing until entry of judgment herein.

15       56.    As a further result of said conduct, and of the heretofore described pattern and

16   practice of defendants, defendant CITIBANK failed to file a Request for Dismissal <u>with</u>

17   <u>prejudice</u> of Case No. 12K 11039, as promised in the heretofore mentioned settlement

18   agreement.

19       57.    As a further result of said misrepresentations and conduct on the part of

20   defendants, and each of them, and as a result of defendants' threats of further litigation,

21   plaintiff suffered extreme aggravation, anxiety and emotional distress, to her damage in an

22   amount to be shown according to proof.

23       58.    As a further result of said conduct on the part of defendants, and each of them,

24   plaintiff sustained damage to her credit rating, loss of credit, loss of the ability to purchase and

25   to benefit from credit,, in amounts which will be shown according to proof;

26       59.    Plaintiff is informed ad believes, and thereon alleges, that defendant CITIBANK

27   ratified the acts and conduct of its agents HUNT & HENRIQUES, JANALIE HENRIQUES,

28   KURTISS JACOBS, CIR LAW OFFICES, LLP, CIR LAW OFFICES INTERNATIONAL,

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**    10

(Page 15 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-PA-MRW   Document 1-1   Filed 11/17/16   Page 16 of 26   Page ID #:19

1 TARA MUREN, JOHN CLINNIN and DOES 1 to 100, and each of them, by continuing to
2 employ said defendants in collection cases, with knowledge of the conduct and practices of said
3 defendants.

4      60.    Plaintiff is informed and believes and thereon alleges that the heretofore alleged
5 conduct of defendants, and each of them, was malicious, fraudulent, willful, deliberate and
6 oppressive, and plaintiff further alleges that said conduct was done with the conscious disregard
7 for the rights of plaintiff. Plaintiff is, therefore, entitled to recover punitive and exemplary
8 damages against defendants CITIBANK, N.A., HUNT & HENRIQUES, JANALIE
9 HENRIQUES, KURTISS JACOBS, CIR LAW OFFICES, LLP, CIR LAW OFFICES
10 INTERNATIONAL, TARA MUREN, JOHN CLINNIN and DOES 1 to 100, and each of them,
11 in such amount as is appropriate to punish and to make an example of said defendants and to
12 deter such conduct, or similar conduct, by said defendants in the future.

13

14      **SIXTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES FOR**
15      **VIOLATION OF FAIR DEBT COLLECTION PRACTICES STATUES**
16      **False, deceptive and misleading representations**
17      Against defendants CITIBANK, N.A., and DOES 1 to 50

18      61.    Plaintiff refers to each of the foregoing paragraphs, and plaintiff incorporates and
19 re-alleges all previously facts and matters as if set forth in full herein.

20      62.    The obligation which is the subject of Case No. 12K 11039 is a "consumer debt"
21 pursuant to the application and meaning of California Civil Code section 1788.2(f).

22      .63.    California Civil Code section 1788.17 provides that conduct which violates 15
23 U.S.C. 1692, et seq., is a violation of section 1788.17. 15 U.S.C. 1692e provides that it is a
24 violation to "use any false, deceptive, or misleading representation or means in connection with
25 the collection of any debt."

26      64.    Within the past year, defendants, and each of them, violated California Civil Code
27 section 1788.17 by representing that the settlement agreement reached in April, 2013, and
28 memorialized in Exhibit 1, attached hereto, was not valid and enforceable, and by further

---

     **COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**    11

(Page 16 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-RA-MRW Document 1-1 Filed 11/17/16 Page 17 of 26 Page ID #:20

1   representing that they intended to file a new lawsuit against plaintiff herein, seeking payment

2   of an $8,864.34, plus additional litigation costs.

3       65.    Within the past year, defendants represented to plaintiff:

4       "[U]nder *Levy v Superior Court* (1995) 10 Cal.4th 578, 586, a stipulation not signed by

5       *all* parties is not enforceable by *any* party.   And *Gauss v GAF Corp.* (2002) 103

6       Cal.App.4th 1110 noted at p. 1119 that cases following Levy have recognized *no*

7       *exceptions* to that rule." Exhibit 3, attached.

8   Said statement is not true.

9       66.    As a result of said violations, and the underlying harassment and conduct of

10  defendants, and each of them, plaintiff sustained damages for mental and emotional distress,

11  anguish, worry, anxiety, pain and aggravation, in an amount to be shown according to proof.

12      67.    As a further result of said conduct on the part of defendants, and each of them,

13  plaintiff sustained damage to her credit rating, loss of credit, loss of the ability to purchase and

14  to benefit from credit,, in amounts which will be shown according to proof;

15      68.    In addition to actual damages, plaintiff is entitled to recover statutory penalties

16  as provided in 15 USC 1692, in Civil Code section 1788.17 and in Civil Code section 1788.30,

17  and in other applicable statutes and regulations, in such amounts as may be shown according

18  to proof.

19      69.    Plaintiff reasonably employed legal counsel in connection with the within action.

20  Plaintiff is entitled to recover reasonable attorney's fees and other costs and litigation expenses

21  incurred herein pursuant to Civil Code section 1788.30 and other statutes.

22      70.    Plaintiff is informed and believes and thereon alleges that the heretofore alleged

23  conduct of defendants, and each of them, was malicious, fraudulent, willful, deliberate and

24  oppressive, and plaintiff further alleges that said conduct was done with the conscious disregard

25  for the rights of plaintiff.   Plaintiff is, therefore, entitled to recover punitive and exemplary

26  damages against defendants CITIBANK, N.A., HUNT & HENRIQUES, JANALIE

27  HENRIQUES, KURTISS JACOBS, CIR LAW OFFICES, LLP, CIR LAW OFFICES

28  INTERNATIONAL, TARA MUREN, JOHN CLINNIN and DOES 1 to 100, and each of them,

COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES        12

(Page 17 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-PA-MRW Document 1-1 Filed 11/17/16 Page 18 of 26 Page ID #:21

in such amount as is appropriate to punish and to make an example of said defendants and to deter such conduct, or similar conduct, by said defendants in the future.

## SEVENTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES FOR
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES STATUES

**Demand for money not owing**

Against all defendants

71.     Plaintiff refers to each of the foregoing paragraphs, and plaintiff incorporates and re-alleges all previously facts and matters as if set forth in full herein.

72.     California <u>Civil Code section 1788.17</u> provides that conduct which violates <u>15 U.S.C. 1692, et seq.</u>, is also a violation of <u>section 1788.17</u>.  <u>15 U.S.C. 1692f(1)</u> prohibits the attempt to collect any amount not owing.

73.     Within the past year, defendants, and each of them, violated California <u>Civil Code section 1788.17</u> by demanding that plaintiff pay $8,864.34, when said amount was not owing under any valid contract between the parties and by threatening to file a new lawsuit against plaintiff in order to extract said amount.

74.     As a result of said violations, and the underlying harassment and conduct of defendants, and each of them, plaintiff sustained damages for mental and emotional distress, anguish, worry, anxiety, pain and aggravation, in an amount to be shown according to proof.

75.     As a further result of said conduct on the part of defendants, and each of them, plaintiff sustained damage to her credit rating, loss of credit, loss of the ability to purchase and to benefit from credit,, in amounts which will be shown according to proof;

76.     In addition to actual damages, plaintiff is entitled to recover statutory penalties as provided in <u>15 USC 1692</u>, in <u>Civil Code section 1788.17</u> and in <u>Civil Code section 1788.30</u>, and in other applicable statutes and regulations, in such amounts as may be shown according to proof.

77.     Plaintiff reasonably employed legal counsel in connection with the within action. Plaintiff is entitled to recover reasonable attorney's fees and other costs and litigation expenses

---

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**          13

(Page 18 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-PA-MRW Document 1-1 Filed 11/17/16 Page 19 of 26 Page ID #:22

incurred herein pursuant to Civil Code section 1788.30 and other statutes.

78.     Plaintiff is informed and believes and thereon alleges that the heretofore alleged conduct of defendants, and each of them, was malicious, fraudulent, willful, deliberate and oppressive, and plaintiff further alleges that said conduct was done with the conscious disregard for the rights of plaintiff. Plaintiff is, therefore, entitled to recover punitive and exemplary damages against defendants CITIBANK, N.A., HUNT & HENRIQUES, JANALIE HENRIQUES, KURTISS JACOBS, CIR LAW OFFICES, LLP, CIR LAW OFFICES INTERNATIONAL, TARA MUREN, JOHN CLINNIN and DOES 1 to 100, and each of them, in such amount as is appropriate to punish and to make an example of said defendants and to deter such conduct, or similar conduct, by said defendants in the future.

## EIGHTH CAUSE OF ACTION FOR DAMAGES

## FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES STATUES

### False, deceptive and misleading representations

#### Against all defendants

79.     Plaintiff refers to each of the foregoing paragraphs, and plaintiff incorporates and re-alleges all previously facts and matters as if set forth in full herein.

80.     California Civil Code section 1788.17 provides that conduct which violates 15 U.S.C. 1692, et seq., is also a violation of section 1788.17. 15 U.S.C. 1692e provides that it is a violation to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

81.     Within the past year, defendants, and each of them, violated California Civil Code section 1788.17 by representing that checks tendered by plaintiff pursuant to the settlement agreement reached in April, 2013, and memorialized in Exhibit 1, attached hereto, were returned due to "non-sufficient funds" and/or that plaintiff had intentionally instructed the bank to place a "stop payment" on one or more of such checks.

82.     Said representations were and are false.

83.     Plaintiff has requested that defendants produce copies of any and all documents

---

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**     14

(Page 19 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW Document 1-1 Filed 11/17/16 Page 20 of 26 Page ID #:23

1 which support their assertion that checks tendered by plaintiff to defendant CITIBANK, N.A.,
2 were not honored by the bank on which said checks were drawn. However, defendants refused
3 to produce any such supporting documentation.

4     84.   The conduct of defendants, and each of them, in claiming that checks tendered
5 by plaintiff were returned NSF or were otherwise not honored by the bank, at the found to
6 plaintiff herein, were made in attempts to collect the disputed consumer debt mentioned herein.

7     85.   As a result of said violations, and the underlying harassment and conduct of
8 defendants, and each of them, plaintiff sustained damages for mental and emotional distress,
9 anguish, worry, anxiety, pain and aggravation, in an amount to be shown according to proof.

10     86.   As a further result of said conduct on the part of defendants, and each of them,
11 plaintiff sustained damage to her credit rating, loss of credit, loss of the ability to purchase and
12 to benefit from credit,, in amounts which will be shown according to proof;

13     87.   In addition to actual damages, plaintiff is entitled to recover statutory penalties
14 as provided in 15 USC 1692, in Civil Code section 1788.17 and in Civil Code section 1788.30,
15 and in other applicable statutes and regulations, in such amounts as may be shown according
16 to proof.

17     88.   Plaintiff reasonably employed legal counsel in connection with the within action.
18 Plaintiff is entitled to recover reasonable attorney's fees and other costs and litigation expenses
19 incurred herein pursuant to Civil Code section 1788.30 and other statutes.

20     89.   Plaintiff is informed and believes and thereon alleges that the heretofore alleged
21 conduct of defendants, and each of them, was malicious, fraudulent, willful, deliberate and
22 oppressive, and plaintiff further alleges that said conduct was done with the conscious disregard
23 for the rights of plaintiff. Plaintiff is, therefore, entitled to recover punitive and exemplary
24 damages against defendants CITIBANK, N.A., HUNT & HENRIQUES, JANALIE
25 HENRIQUES, KURTISS JACOBS, CIR LAW OFFICES, LLP, CIR LAW OFFICES
26 INTERNATIONAL, TARA MUREN, JOHN CLINNIN and DOES 1 to 100, and each of them,
27 in such amount as is appropriate to punish and to make an example of said defendants and to
28 deter such conduct, or similar conduct, by said defendants in the future.

(Page 20 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-RA-MRW   Document 1-1   Filed 11/17/16   Page 21 of 26   Page ID #:24

## NINTH CAUSE OF ACTION FOR DAMAGES

### FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES STATUES

### False, deceptive and misleading representations

Against defendants CITIBANK, N.A. and DOES 1 to 50

90.    Plaintiff refers to each of the foregoing paragraphs, and plaintiff incorporates and re-alleges all previously facts and matters as if set forth in full herein.

91.    California Civil Code section 1788.17 provides that conduct which violates 15 U.S.C. 1692, et seq., is also a violation of section 1788.17.  15 U.S.C. 1692e provides that it is a violation to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

92.    On about May 1, 2013, in Case No. 12K 11039, defendant CITIBANK filed a Notice of Settlement with the Los Angeles County Superior Court.  A copy of said document was served upon plaintiff herein.  A true copy is attached hereto, marked Exhibit 2.  By service and filing of said document, defendants, CITIBANK, N.A., HUNT & HENRIQUES, JANALIE HENRIQUES, KURTISS JACOBS, CIR LAW OFFICES, LLP, CIR LAW OFFICES INTERNATIONAL, TARA MUREN, JOHN CLINNIN and DOES 1 to 100, and each of them, represented that the settlement agreement, memorialized in Exhibit 1, attached hereto, was and is valid and enforceable.

93.    The service and filing of said Notice of Settlement was and is part of a continuing course of conduct by defendants herein, and each of them, to obtain money from plaintiff herein.  Said course of conduct includes the inconsistent contentions that the dispute between CITIBANK and plaintiff herein was resolved by the April, 2013, settlement, while also contending that said settlement was not valid and is not enforceable.

94.    As a result of said violations, and the underlying harassment and conduct of defendants, and each of them, plaintiff sustained damages for mental and emotional distress, anguish, worry, anxiety, pain and aggravation, in an amount to be shown according to proof.

95.    As a further result of said conduct on the part of defendants, and each of them, plaintiff sustained damage to her credit rating, loss of credit, loss of the ability to purchase and

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**      16

(Page 21 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-PA-MRW   Document 1-1   Filed 11/17/16   Page 22 of 26   Page ID #:25

1  to benefit from credit,, in amounts which will be shown according to proof;

2    96.    In addition to actual damages, plaintiff is entitled to recover statutory penalties

3  as provided in 15 USC 1692, in Civil Code section 1788.17 and in Civil Code section 1788.30,

4  and in other applicable statutes and regulations, in such amounts as may be shown according

5  to proof.

6    97.    Plaintiff reasonably employed legal counsel in connection with the within action.

7  Plaintiff is entitled to recover reasonable attorney's fees and other costs and litigation expenses

8  incurred herein pursuant to Civil Code section 1788.30 and other statutes.

9    98.    Plaintiff is informed and believes and thereon alleges that the heretofore alleged

10  conduct of defendants, and each of them, was malicious, fraudulent, willful, deliberate and

11  oppressive, and plaintiff further alleges that said conduct was done with the conscious disregard

12  for the rights of plaintiff.  Plaintiff is, therefore, entitled to recover punitive and exemplary

13  damages against defendants CITIBANK, N.A., HUNT & HENRIQUES, JANALIE

14  HENRIQUES, KURTISS JACOBS, CIR LAW OFFICES, LLP, CIR LAW OFFICES

15  INTERNATIONAL, TARA MUREN, JOHN CLINNIN and DOES 1 to 100, and each of them,

16  in such amount as is appropriate to punish and to make an example of said defendants and to

17  deter such conduct, or similar conduct, by said defendants in the future.

18

19                         **PRAYER FOR JUDGMENT**

20  WHEREFORE, plaintiff prays for judgment against defendants, and each of them, for:

21  1.    A declaration that the settlement agreement, a copy of which is attached hereto

22        as Exhibit 1, is legally binding upon defendant CITIBANK;

23  2.    A declaration that plaintiff herein performed all obligations to be performed by

24        her under the settlement agreement which was memorialized by Exhibit 1,

25        attached hereto;

26  3.    Damages for breach of contract, including $7,750.00 plus interest, and attorney's

27        fees;

28

**COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND PENALTIES**      17

(Page 22 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW Document 1-1 Filed 11/17/16 Page 23 of 26 Page ID #:26

4. Actual damages for mental and emotional distress, pain, anguish, worry, anxiety and aggravation, in an amount to be shown according to proof;

5. Damage to plaintiff's credit standing, credit rating, loss of credit, loss of the ability to purchase and to benefit from credit, in amounts to be shown according to proof;

6. Statutory penalties pursuant to <u>Civil Code sections 1788.17</u> and <u>1788.30</u>;

7. Punitive and exemplary damages in such amount as to adequately punish and to make an example of cross defendants, and each of them;

8. Treble damages pursuant to <u>18 U.S.C. 1964</u>;

9. Reasonable attorney's fees, expert witness fees, and other litigation expenses, in such amount as will be shown according to proof.

10. Costs of suit incurred herein; and,

11. Such other and further relief as the court deems proper.

DATED: October 13, 2016.

RICHARD SCOTT LYSLE
Attorney for Plaintiff
JOYCE CRUZ

## DEMAND FOR JURY TRIAL

Plaintiff herein, JOYCE CRUZ, hereby demands trial by jury herein.

DATED: October 13, 2016.

RICHARD SCOTT LYSLE
Attorney for Plaintiff
JOYCE CRUZ

(Page 23 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08560-PA-MRW Document 1-1 Filed 11/17/16 Page 24 of 26 Page ID #:27

CIV-050

### - DO NOT FILE WITH THE COURT -
### - UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | FOR COURT USE ONLY |
|---|---|
| Richard Scott Lysle  SBN 54022  (310) 822-6023 TELEPHONE NO.: | |

Richard Scott Lysle
475 Washington Blvd., Suite 200
Marina del Rey, CA 90292

ATTORNEY FOR (Name): Plaintiff JOYCE CRUZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF: JOYCE CRUZ
DEFENDANT: CITIBANK, N.A.

### STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

CASE NUMBER:
BC 637 422

To (name of one defendant only): CITIBANK, N.A.
Plaintiff (name of one plaintiff only): JOYCE CRUZ
seeks damages in the above-entitled action, as follows:

**1. General damages**

|   |   | AMOUNT |
|---|---|---|
| a. ☒ Pain, suffering, and inconvenience | $ | 100,000.00 |
| b. ☒ Emotional distress | $ | 100,000.00 |
| c. ☐ Loss of consortium | $ | |
| d. ☐ Loss of society and companionship (wrongful death actions only) | $ | |
| e. ☒ Other (specify) Damage to credit | $ | 50,000.00 |
| f. ☒ Other (specify) Breach of contract | $ | 7,750.00 |
| g. ☐ Continued on Attachment 1.g. | | |

**2. Special damages**

| | | |
|---|---|---|
| a. ☐ Medical expenses (to date) | $ | |
| b. ☐ Future medical expenses (present value) | $ | |
| c. ☐ Loss of earnings (to date) | $ | |
| d. ☐ Loss of future earning capacity (present value) | $ | |
| e. ☐ Property damage | $ | |
| f. ☐ Funeral expenses (wrongful death actions only) | $ | |
| g. ☐ Future contributions (present value) (wrongful death actions only) | $ | |
| h. ☐ Value of personal service, advice, or training (wrongful death actions only) | $ | |
| i. ☒ Other (specify) Pre-suit attorney's fees | $ | 5,250.00 |
| j. ☒ Other (specify) Statutory penalties | $ | 4,000.00 |
| k. ☐ Continued on Attachment 2.k. | | |

**3. ☒ Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify) $ 1,000,000.00
when pursuing a judgment in the suit filed against you.

Date: October 17, 2016

Richard Scott Lysle
(TYPE OR PRINT NAME)

(Proof of service on reverse)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

### STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Joyce Cruz

(Page 24 of 25 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:16-cv-08568-PA-MRW   Document 1-1   Filed 11/17/16   Page 25 of 26   Page ID #:29

CIV-050

| PLAINTIFF: JOYCE CRUZ | CASE NUMBER: |
| DEFENDANT: CITIBANK, N.A. | |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.

4. Fee for service: $

5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

► _____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

► _____
(SIGNATURE)

CIV-050 [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

**PROOF OF SERVICE**
**(Statement of Damages)**

Page 2 of 2
Code of Civil Procedure, §§ 425.11, 425.115

Joyce Cruz

Case 2:16-cv-08568-RA-MRW Document 1-1 Filed 11/17/16 Page 26 of 26 Page ID #:29



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

## CERTIFIED MAIL™

7011 0470 0000 7107 4726

RICHARD SCOTT LYSLE
ATTORNEY AT LAW

475 WASHINGTON BLVD.
SUITE 200
MARINA DEL REY, CA 90292

RETURN RECEIPT REQUESTED

```
Authorized agent for service of
     Process
Citibank, N.A.
100 Citibank Drive
San Antonio, TX  78245
```