UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-8568 PA (MRWx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | Joyce Cruz v. Citibank N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Motion for Remand filed by Plaintiff Joyce Cruz ("Plaintiff") (Docket No. 14), to which defendants Citibank, N.A. ("Citibank"), Hunt & Henriques, Janalie Henriques, and Kurtiss Jacobs[1] (collectively "Defendants") have filed an Opposition (Docket No. 17). Plaintiff filed a Reply in which she "requests leave to file her First Amended Complaint." (See Docket No. 18 ("Reply") 4.) Attached to that Reply is Plaintiff's proposed First Amended Complaint. (See Docket No. 18-1 ("FAC").) The Court construes Plaintiff's Reply as a request to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

**I.   Background**

Defendant Citibank previously sued Plaintiff over a dispute arising from a consumer credit account. (Docket No. 1 ("NOR"), Exh. A ("Compl.") ¶ 16; FAC ¶ 13.) At that time, Citibank was represented by defendant CIR Law Offices; later, defendant Hunt & Henriques represented Citibank. (Compl. ¶¶ 18, 21; FAC ¶¶ 14, 16, 18, 21.) Plaintiff asserts that, in that case, she and Citibank entered into a settlement agreement, but that Citibank later disavowed the agreement, despite Plaintiff's payment under it. (Compl. ¶¶ 17–20; FAC ¶¶ 14–18.) Further, Citibank and its attorneys sent demands to Plaintiff for more money than Plaintiff owed under the agreement.[2] (Compl. ¶¶ 20–21; FAC ¶¶ 17–18.)

Plaintiff filed this action in Los Angeles County Superior Court on October 18, 2016. Her initial Complaint asserted nine claims: breach of contract; two counts for declaratory judgment of the parties' respective rights under the settlement agreement; two counts for intentional misrepresentation; and four counts for violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code section 1788.17. Furthermore, the Complaint alleged agency and civil conspiracy

---

[1]   CIR Law Offices, CIR Law Offices International, Tara Muren, John Clinnin are also named as defendants in the original Complaint, though they did not file an opposition to Plaintiff's Motion to Remand, and it appears that they have not yet been served.

[2]   Since the filing of this action, on October 24, 2016, Defendants filed a separate lawsuit, Case No. 16 N 19924, in Los Angeles County Superior Court against Plaintiff alleging that she was liable to Citibank for an additional $8,866.38. (FAC ¶ 21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8568 PA (MRWx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | Joyce Cruz v. Citibank N.A., et al. | | |

as to all claims and sought treble damages pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.  (Compl. ¶ 18.)  On November 17, 2016, Defendants removed this action, contending that the Court has jurisdiction under 28 U.S.C. § 1331.  (NOR 3.)

Plaintiff's proposed First Amended Complaint dismisses defendants CIR Law Offices and CIR Law Offices International; adds claims (1) for abuse of process based on the filing by Citibank and its attorneys of the settlement notice in the previous state case and (2) for malicious prosecution based on Citibank's filing of its October 24, 2016 complaint demanding more money than Plaintiff owes under the agreement; and withdraws the civil conspiracy allegations and the request for RICO remedies.

**II.    Request for Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure mandates that a district court "freely give leave [to amend] when justice so requires."  Fed. R. Civ. Proc. 15(a).  "This policy is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks and citation omitted).  In deciding whether to grant leave, the district court should consider: "(1) whether amendment will prejudice the amending party's adversary; (2) whether the amending party has delayed unnecessarily in requesting leave; (3) whether the allegations to be added would be futile or frivolous; (4) whether the addition of the new claims would 'greatly change the nature of the litigation'; and (5) whether the party seeking leave has acted in bad faith."  Hughes Aircraft Co. v. National Semiconductor Corp., 857 F. Supp. 691, 701 (N.D. Cal. 1994) (internal quotation marks omitted) (citing Schlacter-Jones v. Gen. Tel., 936 F.2d 435, 443 (9th Cir. 1991); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  "Not all of the[se] factors merit equal weight.  [Rather], it is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, 316 F.3d at 1052 (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Id.

The Court finds that Plaintiff has neither delayed unnecessarily in requesting leave nor acted in bad faith, and that the proposed amendments would not be futile, frivolous, or greatly change the nature of the litigation.  Finally, and most importantly, the defendants in this action will not be prejudiced by the proposed amendment.  Accordingly, Plaintiff's request for leave to file a First Amended Complaint is granted.

**III.    Subject Matter Jurisdiction over Claims in First Amended Complaint**

**A.    RFDCPA Claims**

Looking, then, to the First Amended Complaint, only state law claims remain.  Defendants assert in their Opposition to Plaintiff's Motion to Remand that Plaintiff's RFDCPA claims arise under federal law because they involve substantial federal issues.  Federal courts are of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress.  See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8568 PA (MRWx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | Joyce Cruz v. Citibank N.A., et al. | | |

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1331, this Court has original jurisdiction "over all civil actions arising under the Constitution, law, or treaties of the United States." The Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies" over claims originating in state law. Gunn v. Minton, 133 S. Ct. 1059, 1064–65, 185 L. Ed. 72 (2013). Such jurisdiction requires that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . , jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Gunn, 133 S. Ct. at 1065, 185 L. Ed. 2d 72 (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–14, 125 S. Ct. 2363, 2363, 162 L. Ed. 2d 257 (2005)). "[M]ere need to apply federal law in a state-law claim" is insufficient to open the "arising under" door. See Grable, 545 U.S. at 313, 125 S. Ct. 2363, 162 L. Ed. 2d 257.

The First Amended Complaint makes no claims under the FDCPA, nor does it seek relief under that Act. Instead, Plaintiff makes three claims under California Civil Code section 1788.17 and seeks "[s]tatutory penalties pursuant to Civil Code sections 1788.17 and 1788.30." (FAC 15–19.) Under section 1788.17, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Accordingly, federal law is incorporated by reference into the RFDCPA. See Brown v. Bank of Am., No. ED CV 09-1997 PSG (SSx), 2010 WL 55663, at *2 (C.D. Cal. Jan. 4, 2010); Arzaga v. Wells Fargo Bank, N.A., No. 16-CV-2505 AJB (WVB), 2016 WL 6698954, at *2 (S.D. Cal. Nov. 14, 2016). Yet even assuming arguendo that a federal issue is necessarily raised by Plaintiff's RFDCPA claims and actually disputed by the parties, the third and fourth Grable requirements remain unsatisfied. See Gunn 133 S. Ct. at 1065, 185 L. Ed. 72.

The third element requires more than "that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue, as Grable separately requires. The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Id. at 1066, 185 L. Ed. 72 (emphasis in original). Here, the federal issues do not bear upon the federal system as a whole. This case does not involve, for example, the constitutionality of an act of Congress. See id. (citing Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S. Ct. 243, 65 L. Ed. 577 (1921)). Additionally, a state court's decision on the merits of these RFDCPA claims will not be binding on federal courts ruling on an FDCPA claim, even if the RFDCPA claims require interpretation of the FDCPA. See id. at 1067, 185 L. Ed. 72. For these reasons, the Court is unpersuaded that any federal issues involved are "substantial" enough to support federal jurisdiction over Plaintiff's RFDCPA claims.

Finally, finding jurisdiction in this case would suggest that federal jurisdiction exists over any claim brought under section 1788.17, and potentially over claims brought under other state statutes that incorporate federal law. Such a result would not comport with the fourth requirement of the Grable test,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8568 PA (MRWx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | Joyce Cruz v. Citibank N.A., et al. | | |

as it would "materially affect, or threaten to affect, the normal currents of litigation."  See Grable, 545 U.S. at 319, 125 S. Ct. 2363, 162 L. Ed. 2d 257.

Because the RFDCPA claims in this case, at a minimum, do not satisfy the third and fourth requirements of Grable, Plaintiff's claims under California Civil Code section 1788.17 do not involve a "substantial" federal issue, and accordingly, do not "arise under" federal law.  See Brown, 2010 WL 55663, at *2 (concluding that plaintiffs' RFDCPA claim did not arise under federal law); Arzaga, 2016 WL 6698954, at *2 (same).

### B.      Remaining State Law Claims

The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a).  Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendent claim only if one of the four categories specifically enumerated in section 1367(c) applies."  Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994), overruled on other grounds by Cal. Dept. of Water Res. v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008).  Thus, the Court may decline supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C § 1367(c).  The only claim over which this Court had original jurisdiction, i.e., Plaintiff's RICO claim, has been dismissed, satisfying § 1367(c)(3).  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### Conclusion

The Court hereby orders the Clerk to deem filed Plaintiff's proposed First Amended Complaint, attached to Plaintiff's Reply as Attachment 1.  Furthermore, the Court exercises its discretion under 28 U.S.C. § 1447(c) to remand this action to Los Angeles County Superior Court, Case No. BC637422.  See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining.").  The Scheduling Conference on calendar for January 23, 2017, is vacated.  Plaintiff's Motion to Remand (Docket No. 14) and Defendants' Motion for Judgment on the Pleadings (Docket No. 11) are denied as moot.

**IT IS SO ORDERED.**